

## STORCH BYRNE
### —— LLP ——

437 Madison Avenue, 24th Floor
New York, NY 10022

Steven G. Storch

(212) 931-1005
sstorch@storchbyrnelegal.com

*Via CM/ECF System*                                                     July 24, 2026

Honorable Jennifer H. Rearden
U.S. District Court Judge, S.D.N.Y.
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re:     **Hamway, et al. v. Sutton, et al.**
        **Case No. 26-cv-06282-JHR**

        **Hamway, et al. v. Landau, et al.**
        **Case No. 26-cv-06285-JHR**

        **Hamway, et al. v. Sutton, et al.**
        **Case No. 26-cv-06286-JHR**

Dear Judge Reardon:

We represent Plaintiffs/Judgment Creditors Frieda Hamway, Rachelle Jemal, Judith Paskie, Gail Maslaton, and Joan Sitt in the above-referenced proceedings. We write in response to Debtor Isaac C. Sutton's July 24, 2026 letter requesting that the above-captioned removed proceedings be transferred to the Eastern District of New York for referral to the Bankruptcy Court presiding over Mr. Sutton's Chapter 11 case.

Plaintiffs respectfully oppose that request. At minimum, the Court should not transfer or refer these proceedings before Plaintiffs have had an opportunity to move for remand and before this Court determines whether removal was proper in the first place. *See*, e.g., 28 U.S.C. 1447(c).

This is not a routine transfer request. The Debtor removed these proceedings immediately after the New York Supreme Court rejected his position that the Landau subpoena-compliance proceeding was stayed by his bankruptcy filing. (Notice of Removal, Exhibit F, Page 92 of 94).

Honorable Jennifer H. Rearden
July 24, 2026
Page 2 of 2

In its July 13, 2026 Decision and Order, the state court held that the proceeding against Eric S. Landau is "directed solely at the Respondent to enforce his compliance with the post-judgment Information Subpoena," is "separate from the underlying action in which a judgment was entered against his client, Isaac Sutton," and "is not an action against a debtor or a third party to recover property pursuant to a judgment." The state court therefore held that Mr. Sutton's Chapter 11 filing "does not affect this proceeding." Plaintiffs contend that the same is true about the Alisa Sutton proceeding.

The Debtor now seeks to avoid that ruling by removing the proceedings to this Court and immediately asking that they be transferred to the Eastern District of New York and referred to the Bankruptcy Court. That request should be denied or, at minimum, held in abeyance pending remand briefing.

Plaintiffs intend to move promptly to remand. Transfer should not precede remand. The threshold question is whether these proceedings belong in federal court at all. If removal was improper, or if equitable remand is warranted, then there is no basis to transfer the proceedings to another district for bankruptcy referral. The Debtor should not be permitted to fabricate federal jurisdiction by notice, immediately change venue, and thereby deprive Plaintiffs of a meaningful opportunity to challenge removal in the district to which the proceedings were removed. This is especially true here, where Debtor's request substantially overstates the bankruptcy implications of the proceedings.

Accordingly, Plaintiffs respectfully request that the Court hold any transfer or referral request in abeyance pending Plaintiffs' anticipated motion to remand. Plaintiffs are also available at the Court's convenience for a conference.

Respectfully submitted,

Steven G. Storch

cc: All counsel of record *via* ECF