**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FRIEDA HAMWAY, RACHELLE JEMAL, JUDITH PASKIE, GAIL MASLATON, and JOAN SITT,<br>Plaintiffs,<br>v.<br><br>ISAAC SUTTON, MAYER SUTTON, MIDDLEGATE SECURITIES LTD., MIDDLEGATE ASSET MANAGEMENT LLC, MIDDLEGATE INVESTMENT COMPANY, GADIEL BLUSZTEIN, KINERSIS RENEWALS, MHA ISRAEL LLC, ATLAS CAPITAL, S.A., HYPOSWISS PRIVATE BANK GENEVA, S.A., MIRELIS INVESTRUST SA, KAB INTERNATIONAL HOLDINGS LIMITED, MIDWAY MM INVESTMENTS INC., MIDWAY FUND INC., DANSON CORP., ALAIN KOSTENBAUM, KOSTENBAUM & ASSOCIES, and JOHN DOES,<br>Defendants. | U.S. District Court<br>Lead Case No. 26-CV-6282 |
| FRIEDA HAMWAY, RACHELLE JEMAL, JUDITH PASKIE, GAIL MASLATON, and JOAN SITT,<br>Plaintiffs,<br>v.<br>ERIC S. LANDAU,<br>Defendant. | U.S. District Court<br>Case No. 26-CV-6285 |
| FRIEDA HAMWAY, RACHELLE JEMAL, JUDITH PASKIE, GAIL MASLATON, and JOAN SITT,<br>Plaintiffs,<br>v.<br>ALISA SUTTON,<br>Defendant. | U.S. District Court<br>Case No. 26-CV-6286 |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>ISAAC C. SUTTON,<br>Debtor. | Chapter 11<br>Case No. 26-42788 (JMM) |

**ISAAC SUTTON'S MEMORANDUM OF LAW**
**IN OPPOSITION TO MOTION TO REMAND**

Isaac Sutton the above captioned debtor and debtor-in-possession, (the "Debtor")[1] by his counsel, Kirby Aisner & Curley LLP, respectfully submits this Memorandum of Law, in opposition to the motion (the "Motion") filed by plaintiffs Frieda Hamway, Rachelle Jemal, Judith Paskie, Gail Maslaton, and Joan Sitt (collectively, the "Plaintiffs" or "Hamways") for an order pursuant to 28 U.S.C. §§1134(c) and 1452(b), Federal Rule of Bankruptcy Procedure 9027, and all other applicable law seeking remanding the proceedings (i) *Frieda Hamway, et al. v. Isaac Sutton, et al.,* U.S.D.C., S.D.N.Y. Case No. 26-CIV-6282 (the "*Sutton* Proceeding"), (ii) *Frieda Hamway, et al. v Eric S. Landau*, U.S.D.C., S.D.N.Y. Case No. 26-CIV-6285 (the "*Landau* Proceeding"), and (iii) *Frieda Hamway, et al. v Alisa Sutton*, U.S.D.C., S.D.N.Y. Case No. 26-CIV-6286 (the "*Alisa* Proceeding"), all to the Supreme Court of the State of New York, New York County (the "State Court"), together with related relief.

Insofar as the *Sutton* Proceeding, *Landau* Proceeding, and *Alisa* Proceeding have each been designated as "Related" proceedings by the clerk of the court, and the Motion filed by the Hamways was filed in triplicate in each of the *Sutton* Proceeding, *Landau* Proceeding, and *Alisa* Proceeding (collectively, the "*Hamway* Proceedings"), the Debtor will likewise submits this consolidated Memorandum of Law in each of the three proceedings.

## PRELIMINARY STATEMENT

The Debtor properly removed the *Hamway* Proceedings from the State Court to this Court pursuant to 28 U.S.C. §§1334 and 1452. The arguments made by the Hamways in the Motion purposefully ignore that central to each of the *Hamway* Proceedings is property of the Debtor's

[1] Capitalized terms used herein not otherwise defined shall have the meaning ascribed to them in the Background Facts section below.

chapter 11 bankruptcy estate, and were thus appropriated removed so that they court be transferred to the U.S. Bankruptcy Court, E.D.N.Y presiding over the Debtor's Chapter 11 Case.

The *Sutton* Proceeding is a nearly 11-year proceeding pending between the Hamways and the Debtor, which resulted in the entry of the Judgment on May 2, 2018 in favor of the Hamways against the Debtor. For the 8 years since the entry of the Judgment, the *Sutton* Proceeding has continued, with litigation focusing solely on the Hamways recovery of the Judgment from the Debtor's assets. Prior to the Debtor filing his Chapter 11 Case, the Debtor was waiting for over 1 year, since February, 2025 for the State Court to schedule a hearing and determination on whether the Hamways should retain the Debtor's Restrained Disability Benefits. The Debtor's Restrained Disability Benefits are property of the Debtor and necessary for this reorganization.

The *Landau* Proceeding and *Alisa* Proceeding are both special proceeding actions to enforce compliance with the Subpoenas issued by the Hamways to Landau and Alisa in connection with the Judgment, and only after the State Court directed the Hamways to file the special proceedings. Important, yet (purposefully) overlooked by the Hamways is that the Subpoenas state that they relate to the Hamways enforcement of the Judgment against the Debtor and the Hamways believe Landau and Alisa have information concerning the Debtor's financial affairs. In addition, the Hamways continue to ignore that they would have no independent claim against Landau or Alisa separate from the Judgment against the Debtor. Shockingly, the State Court improperly and without jurisdiction, entered an order effectively terminating the automatic stay in the *Landau* Proceeding, which is now subject to a motion pending before the Bankruptcy Court in the Debtor's Chapter 11 Case.

Given that the claims and issues in the *Hamway* Proceedings related to property of the Debtor's estate and the automatic stay, these are matters which this Court and the Bankruptcy

Court have exclusive jurisdiction and thus were properly removed. To the extent that this Court determines that there is concurrent jurisdiction with the State Court, this Court should not abstention from removing the *Hamway* Proceedings since judicial economies and equities all weigh in favor of removing the *Hamway* Proceedings so they can be transferred to the Bankruptcy Court.

Based upon the foregoing, and for the reasons set forth herein, the Motion to remand the *Hamway* Proceedings should be denied in its entirety, and the *Hamway* Proceedings should be transferred to the U.S. District Court, Eastern District of New York so that it may be referred to the Bankruptcy Court presiding over the Debtor's Chapter 11 Case, together with such other and further relief as this Court deems is appropriate.

## BACKGROUND FACTS

The Debtor is party to the *Sutton* Proceeding, which is an 11+ year litigation with the Hamways, which resulted in the entry of a judgment in the amount of $4,902,825.55 entered on May 2, 2018 in favor of the Hamways against the Debtor (the "Judgment"). Sutton Proceeding, ECF No. 1 ("Sutton Notice of Removal"), ¶¶10-12. Since the entry of the Judgment, for the past 8+ years, the Hamways have been aggressively, and at times improperly, engaging in proceedings to collect on the Judgment, and contrary to their statements in their Motion, have in fact collected upon the Judgment. Sutton Notice of Removal, ¶13-17, and Bankr. Dkt. No. 8, ¶20-30.

### The *Sutton* Proceeding

Notwithstanding the Judgment being entered over 8 years ago, the *Sutton* Proceeding is still an active proceeding. Following the entry of the Judgment, the Hamways served a restraining notice upon UnumProvident Corporation ("Unum") seeking to collect the Debtor's monthly disability insurance payments. Sutton Notice of Removal, ¶13-15. There has been extensive

motion practice related to the Hamways' enforcement of the Judgment on the Debtor's monthly disability insurance payments, including two appellate proceedings. *Id.,* ¶13-17. During the pendency of one of the appeals, in connection with the restraining notice served upon Unum, the Hamways received $196,560.00 of the Debtor's disability benefits (the "Restrained Disability Benefits"), which are in the attorney escrow account of Hamway Group's counsel, Storch Byrne LLP.[2] *Id.* ¶15. The most recent appeal was decided on February 25, 2025 by the Supreme Court of the State of New York, Appellate Division, First Judicial Department, which remanded the matter to Supreme Court for a hearing and determination on whether the Hamways are entitled to retain the Restrained Disability Benefits. *Id.* ¶16. Fifteen months had passed between the Appellate Court's decision and the Petition Date, without the State Court taking any action on the motion for rest following the remand. *Id.* ¶17. The determination of whether the Hamways are entitled to retain the Restrained Disability Benefits is the sole matter remaining in the Sutton Proceeding. *Id,*

***The Landau Proceeding and Alisa Proceeding***

On or about January 9, 2024, the Hamways served upon Alisa Sutton ("Alisa") a Post Judgment Subpoena Duces Tecum and Ad Testificandum (the "Alisa Subpoena"). Alisa Proceeding, ECF No. 1 ("Alisa Notice of Removal"), ¶4. Over a year later, on or about March 6, 2025, the Hamways served upon the Debtor's attorney, Eric S. Landau Esq. ("Landau") a Post Judgment Subpoena Duces Tecum and Ad Testificandum (the "Landau Subpoena"). Landau Proceeding, ECF No. 1 ("Landau Notice of Removal"), ¶4. On March 21, 2025, the Hamways

---

[2] Hamway Group's request for an installment plan suggests that the Escrowed Funds are actually not being held in an escrow by Hamway Group's attorney and if they were improperly released, would be a violation of the New York Rules of Professional Conduct.

filed a motion in the Sutton Proceeding seeking, *inter alia*, to hold in contempt for non-compliance with. Landau Notice of Removal, ¶4, Ex. A. Following a hearing held before the State Court on September 15, 2025, the State Court entered an interim order noting that for the reasons set forth at the September 15, 2025 hearing, the Hamways' motion seeking to hold Alisa in contempt was withdrawn and the Hamways were given leave to file a separate special proceeding to enforce compliance with the Alisa Subpoena. Alisa Notice of Removal, ¶4, Ex. A. On November 6, 2025, the Hamways filed the Alisa Proceeding seeking to compel compliance with the Alisa Subpoena, and later that date the Hamways filed the Landau Proceeding seeking to compel compliance with the Landau Subpoena. Landau Notice of Removal, ¶4, Ex. A, and Alisa Notice of Removal, ¶4, Ex. A. Both the Alisa Subpoena and Landau Subpoena (the "Subpoenas") advise that:

> WHEREAS, this Information Subpoena concerns and relates to Judgment Creditors' enforcement of the judgment against the Judgment Debtor; and that the reason this Information Subpoena is served is that the Judgment Creditors have a reasonable belief that you have information concerning the Judgment Debtor's financial affairs…

*Id*.

It is unequivocal that the Alisa Proceeding and Landau Proceeding to enforce the Subpoenas are based entirely on the Judgment and the Hamways' efforts to collect its claim against the Debtor. *Id*. There is no other claim the Hamways have against either Alisa or Landau in the Alisa Proceeding and Landau Proceeding, respectively, that is unrelated to the Judgment, which is a claim against the Debtor .

**The Chapter 11 Case**

Between all the litigation stemming from the Judgment, the litigation and disputes regarding subpoena compliance, and any other post-judgment collection proceedings the Hamways may commence, there was no end in sight and the litigation between the Hamways and Debtor could easily continue for several years. Bankr. Dkt. No. 8, ¶20-30. The relentless litigation

spearheaded by the Hamways and the withholding of the Debtor's Restrained Disability Benefits caused the Debtor to incur hundreds of thousands of dollars in legal fees and to become delinquent on his mortgages, causing his properties to go into foreclosure. *Id.* The Debtor could no longer afford to defend against the Hamways' vexatious litigation, which appeared unending, so in hopes of ending the litigation with the Hamways, stop the foreclosure proceedings pending against his homes, and recover his Restrained Disability Benefits, **o**n June 5, 2026, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court, Eastern District of New York, Brooklyn Division (the "Bankruptcy Court"), which proceeding was assigned case number 26-42788(JMM) (the "Chapter 11 Case"). *Id.*

After the Chapter 11 Case was filed, on or about June 12, 2026, the Debtor filed notice of the Debtor's filing of the Chapter 11 Case in the Landau Proceeding and Alisa Proceeding. Landau Notice of Removal, ¶8, Ex. E, and Alisa Notice of Removal, ¶10, Ex. G. Notwithstanding, on July 13, 2026, the State Court in the *Landau* Proceeding entered a Decision and Order holding that the automatic stay did not apply (the "Stay Termination Order"). Landau Notice of Removal, ¶9, Ex. F.

Given that the sole issue to be determined in the Sutton Proceeding is the disposition of the Debtor's Restrained Disability Benefits and the State Court had not taken any action on that issue for 15 months, the Debtor sought to remove the *Sutton* Proceeding from State Court to this Court, so that it could be transferred to the Bankruptcy Court, so that the remaining issue could be expeditiously determined as part of the Debtor's reorganization. The Debtor sought to remove the *Landau* Proceeding since the State Court had no jurisdiction to issue the Stay Termination Order, which is the original and exclusive jurisdiction of this court and the Bankruptcy Court. Concerned that the State Court in the *Alisa* Proceeding would issue an order similar to the Stay Termination

Order (the same judge presides over all three *Hamway* Proceedings), the Debtor also sought to remove the *Alisa* Proceeding.

## ARGUMENT

### I. Removal Was Proper Because This Court Has Exclusive Jurisdiction Over The Hamway Proceedings Under 28 U.S.C. § 1334

"A party may remove any claim or cause of action . . . if [the] district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). District Courts are conferred "original and exclusive jurisdiction over bankruptcy cases under title 11." 28 U.S.C. § 1334(a). Section 1334(e)(1) of title 28 further empowers the District Court with "exclusive jurisdiction… of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 28 U.S.C. § 1334(e)(1).

Each district court "may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). The United States District Court for this District has done so. *See* Amended Standing Order of Reference, M10-468 (S.D.N.Y. Jan. 31, 2012) (Preska, C.J.). Further, bankruptcy judges "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section. . . ." 28 U.S.C. § 157(b).

#### A. The Remaining Issue In The Sutton Proceeding Is The Disposition of Property of the Debtor's Estate, the Restrained Disability Benefits

Section 1334(e)(1) of title 28 gives the District Court exclusive jurisdiction "of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." *See*, e.g., supra §I. The exclusive jurisdiction conferred under Section 1334(e) is *in*

*rem* jurisdiction over property of the bankruptcy estate. *See In re JJ Arch LLC*., 24 CV 10381, 2024 WL 2933427, at *7 n.11 (Bankr. S.D.N.Y. June 10, 2024) (*citing In re Lehman Bros. Holdings Inc.,* 544 B.R. 16, 41 (Bankr. S.D.N.Y. 2015) and collecting cases); *In re Homaidan,* 650 B.R. 372, 405 (E.D.N.Y. 2022) (explaining that Section 1334(e) "vests the 'home court' with the exclusive power to control and distribute property of the estate" (citation omitted)).

Section 1334(e) functions to ensure that only one court, the Bankruptcy Court, administers the assets of the debtor's estate. *See In re Ajasa,* 627 B.R. 6, 31 (Bankr. E.D.N.Y. 2021)(*quoting Williams v. Sears Roebuck & Co*., 244 B.R. 858, 866 (Bankr. S.D. Ga. 2000)); *see also In re Noletto,* 244 B.R. 845, 853 (Bankr. S.D. Ala. 2000) (holding that Section 1334(e) "overrides the general conflict of jurisdiction rule that the first court to assert jurisdiction has exclusive jurisdiction over an *in rem* claim.). The functionality of section 1334(e) ties into the efficacy of the bankruptcy process which "depends on the existence of one court to control assets and distribute them in accordance with the priority scheme established by the Bankruptcy Code." *In re Noletto,* 244 B.R. at 853. Section 1334(e) accomplished that purpose by granting the "exclusive power to control and distribute property of the estate [to the 'home court'] without requiring it to determine the extent of property of the estate."

All of the claims between the Hamways and the Debtor in the *Sutton* Proceeding have been adjudicated, with the remaining issue being the disposition of the Debtor's Restrained Disability Benefits. In its February 25, 2025 decision, the Appellate Court remanded to Supreme Court the determination on whether it is against equity and good conscience to permit the Hamways to retain the Restrained Disability Benefits, as well as a determination of the Hamways' request for an installment payment order. Sutton Notice of Removal, ¶16, Ex. J. Given that there are no longer claims between the Hamways and Sutton to be adjudicated, and merely the disposition of the

Debtor's Restrained Disability Benefits, this matter falls squarely within the scope of Section 1334(e) and therefore this Court has exclusive jurisdiction. Accordingly, the Debtor's removal of the *Sutton* Proceeding was appropriate under section 1334(e).

### B. The Landau Proceeding was Properly Removed Since The Termination Of The Automatic Stay is the Exclusive Jurisdiction Of The Bankruptcy Court

The Bankruptcy Court has exclusive jurisdiction to "terminate, annul or modify" the automatic stay. 28 U.S.C. §157(b)(2)(G); *See also Farley v. Henson,* 2 F.3d 273 (8th Cir.1993); *Continental Casualty Co. v. Gullett,* 253 B.R. 796 (S.D.Tex.1999). The automatic stay is an injunction issuing from the authority of the bankruptcy court, and bankruptcy court orders are not subject to collateral attack in other courts. *See Celotex Corp. v. Edwards,* 514 U.S. 300, 313 (1995). That is so not only because of the exclusive jurisdiction vested in the bankruptcy courts, but also because "persons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order." *Id.* at 306-08, 115 S.Ct. 1493 (quoting *GTE Sylvania, Inc. v. Consumers Union of United States, Inc.,* 445 U.S. 375, 386 (1980)). Any state court modification of the automatic stay would constitute an unauthorized infringement upon the bankruptcy court's jurisdiction to enforce the stay. *In re Gruntz*, 202 F.3d 1074, 1082 (9th Cir. 2000).

In the *Landau* Proceeding, the State Court terminated the automatic stay, which issue is the exclusive jurisdiction of the Bankruptcy Court. Thus, removal of the *Landau* Proceeding and the determination of modification of the automatic stay was appropriate and warranted. Further, the removal of the *Landau* Proceeding is further supported by the Debtor's pending motion in his Chapter 11 Case seeking an order declaring that the State Court's decision in the *Landau* Proceeding was without requisite jurisdiction and *void ab initio*.

In addition, since the same judge is presiding over all of the *Hamway* Proceedings, there is

a real and substantial risk of improper and invalid termination of the automatic stay, without requisite jurisdiction by the State Court in the *Alisa* Proceeding. Thus, removal of the *Alisa* Proceeding is likewise appropriate.

### C. Removal Does Not Require The Debtor To Be A Party In The *Landau* And *Alisa* Proceedings

The fact that the Debtor is not a party to the *Landau* and *Alisa* Proceedings is not prohibitive to the removal of these proceedings to this Court which has exclusive jurisdiction. The cases cited by the Hamways, which stand for a strict interpretation of "party," are distinguishable since the cases analyze removal by a part under Section 1334(b), which is original, but not exclusive jurisdiction. Here, the Debtor removed the *Sutton* Proceeding pursuant to Section 1334(e) which confers exclusive jurisdiction over property of the Debtor's estate. The *Landau* Proceeding was removed pursuant to Section 1334(a) since the automatic stay was sought to be terminated in that action, which is matter subject to the exclusive jurisdiction of the Bankruptcy Court.

The distinction between removal of matters that are the exclusive jurisdiction of this Court under Sections 1334(a) and (e), versus removed matters where the is original, but not exclusive jurisdiction, is an important and critical distinction in determining if a party can properly remove an action. The broad jurisdiction the district court has over all civil proceedings that are "related to" bankruptcy cases requires an expansive interpretation of "party" in § 1452(a). However, the subject matter jurisdiction for proceedings related to bankruptcy should control the question of *who* may invoke that jurisdiction. Removal of a proceeding under section 1452(a) is not limited to the 1334(b) matters which have original but not exclusive jurisdiction, and includes 1334(a) and (e) matters which have original and exclusive jurisdiction. In the *Landau* Proceeding, the State Court (improperly) terminating the automatic stay, which is matter is under the original and exclusive jurisdiction of the district court pursuant to section 1334(a), not (b. The narrow

interpretation of "party" would prohibit the Debtor, who is not a party to the *Landau* Proceeding, from removing the Landau Proceeding in which the State Court is acting without subject matter jurisdiction.

Further, is Congress meant to limit "party" to only those in the proceeding, it would have made that distinction in the statute. For example, section 1334(c)(2) specifically limits "party" to "party in an action." If Congress had intended to limit "party" in section 1452(a), it would have make included that limitation in the statutory language of the statute to stay "party in an action", like it did in section 1334(c)(2). For the foregoing reasons, the Debtor's removal of the Landau Proceeding was proper even though he is not a party to the proceeding.

## II. Removal Was Proper Because The Issues in the Hamway Proceedings are "Core" Proceedings And This Court Has "Related To" and "Arising In" Jurisdiction Under 28 U.S.C. §1334

The District Courts also have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Again, the United States District Court for this District has referred this jurisdiction to the Bankruptcy Court. *See*, e.g., supra §I. Section 157(b) of title 28 provides a bankruptcy judge with authority to "hear and determine" core proceedings and enter final judgments in such proceedings. See 28 U.S.C. § 157(b)(1). Section 157(b)(2) of title 28 sets forth a nonexclusive list of core proceedings that "provides courts with ready examples of such matters." *Stern*, 564 U.S. at 476. Non-core proceedings, meanwhile, encompass "related to" proceedings whose claims do not arise in a bankruptcy case or arise under the Bankruptcy Code, but whose outcome may have a "conceivable effect" on the bankruptcy case. *See Parmalat Cap. Fin. Ltd. v. Bank of Am. Corp.,* 639 F.3d 572, 579 (2d Cir. 2011); *Keybank Nat'l Ass'n v. Franklin Advisers, Inc., 6*00 B.R. 214, 225 (Bankr. S.D.N.Y. 2019).

**A. The Remaining Issues In The Hamway Proceedings Are The Discovery and Disposition Of Property Of The Debtor's Estate and Thus The Hamway Proceedings Are "Core" Proceeding**

Section 157(b)(2) provides a non-exhaustive list of core proceedings, including "matters concerning the administration of the estate," 28 U.S.C. § 157(b)(2)(A). "[M]atters requiring a declaration of whether certain property comes within § 541's definition of 'property of the estate' are core proceedings." *Schroeder v. New Century Holdings, Inc. (In re New Century Holdings, Inc.),* 387 B.R. 95, 105 (Bankr.D.Del.2008); *accord McCord v. Borko (In re Borko),* No. 12–1268(NHL), 2013 WL 5442264, at *6 (Bankr.E.D.N.Y. Sept. 29, 2013) ("Determining the scope of property falling within the bankruptcy estate is an essential part of administering the estate."); *In re Strathmore Grp., LLC*, 522 B.R. 447, 452 (Bankr. E.D.N.Y. 2014)

Here, the remaining issues to be determined in the *Hamway* Proceedings concern matter that are concern the administration of the Debtor's Chapter 11 Case. The remaining issue to be determined in the *Sutton* Proceeding is the disposition of the Debtor's Restrained Disability Benefits. Both the *Landau* Proceeding and *Alisa* Proceeding seek to compel compliance with Subpoenas, which are aimed to discover of property belonging to the Debtor and his estate. Since these issues in the *Hamway* Proceedings solely involve property of the Debtor's estate, they fit squarely in the scope of "matters concerning administration of the estate" and are thus "core" proceedings.

**B. "Related To" Jurisdiction Exists In The *Hamway* Proceedings Since They Address Property of the Debtor's Estate**

In addition to the issues in the *Hamway* Proceedings being "core" proceedings, the *Hamway* Proceedings are "related to" the Debtor's Chapter 11 Case. In its Motion, the Hamways acknowledge that the *Sutton* Proceeding is "related" to the Debtor's Chapter 11 Case. See Mot. at 16. The Hamways, however, argue that the *Landau* and *Alisa* Proceedings because they could not

conceivably affect the Debtor's estate. See Mot. At 12. By this argument, the Hamways concede that they do not believe that compliance with the Subpoenas would reveal property belonging to the Debtor's estate, and are effectively without merit. However, if the Hamways believe, as they state in the Subpoenas that compliance will uncover property belonging to the Debtor (which the Debtor disputes), then surely discovered assets belonging to the Debtor would impact the Debtor's estate and Chapter 11 Case. Hamway cannot have it both ways. Either they know (as the Debtor does) that compliance with the Subpoenas will not uncover any property belonging to the Debtor, and thus the *Landau* and *Alisa* Proceedings are not "related to" the Debtor's Chapter 11 Case. Or, the Hamways believe that there is property belonging to the Debtor which would undoubtedly affect the Chapter 11 Case, thus rendering the *Landau* and *Alisa* Proceedings "related to" the Chapter 11 Case.

### C. "Arising In" Jurisdiction Exists In The *Landau* Proceeding For The Termination Of The Automatic Stay

Congress specifically designated termination of the automatic stay as a "core" proceedings included in Section 157(b)(2)(G). Given the specific designation as a "core" proceeding, the *Landau* Proceeding and termination of the automatic stay is a matter that establishes "arises in" jurisdiction.

## III. There Is No Basis for Abstention or Remand

The Debtor believes that this Court has exclusive jurisdiction over the Hamway Proceedings. To the extent that this Court determines that there is a original, but not exclusive jurisdiction, the Motion should nonetheless be denied since there is no basis abstention or equitable remand.

### A. The Hamways Cannot Carry Their Burden of Establishing The Prerequisites For Mandatory Abstention Under 28 U.S.C. § 1334(c)(2)

Under 28 U.S.C. § 1334(c)(2), "[a] party seeking mandatory abstention must prove each of the following: (1) the motion to abstain was timely; (2) the action is based on a state law claim; (3) the action is 'related to' but not 'arising in' a bankruptcy case or 'arising under' the Bankruptcy Code; (4) Section 1334 provides the sole basis for federal jurisdiction; (5) an action is commenced in state court; [and] (6) that action can be 'timely adjudicated' in state court." *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 331 (S.D.N.Y. 2003) (emphasis added) (citations omitted). Hamway has failed to establish at least three of these mandatory conditions—numbers (3), (4), and (6).

#### 1. The *Hamway* Proceedings "Arises In" The Chapter 11 Case

As discussed supra §§I.B and II.C, the determination of the automatic stay by the State Court in the Landau Proceeding "arises in" the Chapter 11 Cases. Further, as discussed supra §II.A as determination and disposition of property of the Debtor's estate are "core" proceedings concerning administration of the Debtor's estate. These facts alone defeat mandatory abstention. *See In re Tronox*, 603 B.R. at 725 ("Because 'arising in' jurisdiction exists over the plaintiff's claims, mandatory abstention is inapplicable.").

#### 2. Section 1334 Does Not Provide the Sole Basis For Federal Jurisdiction

The Hamways claims that the automatic stay is not a federal question warranting removal. Mot. at 13. Not so. In addition to "arising in" the Chapter 11 Cases under Section 1334, the automatic stay is a federal question jurisdiction under 11 U.S.C. §362 and 28 U.S.C. §157(b)(2)(G).

#### 3. The *Hamway* Proceedings Cannot Be Timely Adjudicated In The State Court

The third condition that the Hamways have failed to prove here is that the *Hamway*

Proceedings can be timely adjudicated in the State Court. The Second Circuit has explained that "[f]our factors come into play in evaluating § 1334(c)(2) timeliness: (1) the backlog of the state court's calendar relative to the federal court's calendar; (2) the complexity of the issues presented and the respective expertise of each forum; (3) the status of the title 11 bankruptcy proceeding to which the state law claims are related; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate." *See Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 580 (2d Cir. 2011). Regarding the first factor, Hamway merely states that the State Court "already knows the record and the remaining state-law issues." Mot. At 17. The Hamways do not offer any data regarding the caseloads and backlogs of the State Court and this Bankruptcy Court to satisfy his burden of proof. In fact, the Hamways omit, perhaps intentionally, that after the Appellate Court remanded the issues of the Debtor's Restratined Disability Benefits to the State Court, 15 months passed without any adjudication of that issue. This alone suggests that the State Court's backlog has already prevented a timely adjudication of the *Hamway* Proceedings.

As for the second factor, insofar as the issues are narrow and relate to the property of the Debtor's estate, the State Court's familiarity with the underlying claims is irrelevant and unpersuasive. Further, the Bankruptcy Court also has greater expertise regarding the numerous bankruptcy law issues involved, specifically the automatic stay, which is subject to a pending motion before the Bankruptcy Court in the Chapter 11 Case. *Parmalat Capital*, 639 F.3d at 580-81 (courts' respective expertise regarding legal and factual issues involved should be considered). Consequently, given this Court's greater expertise with the addressing issues related to the automatic stay and property of the Debtor's estate, this Court "may . . . be expected to adjudicate the matter more quickly," and "remanding th[is] action[] to state court would simply complicate

and slow down the resolution of [these] claims, as well as of the matters already pending before this Court." *Krys*, 658 F. App'x at 3 (citations and internal quotations omitted). Regarding the third and fourth factors, the Chapter 11 Case remains open, and this Court retained "exclusive jurisdiction" to adjudicate all matters "arising in" or "related to" the Chapter 11 Case. Hamway seeks to discover and determine the disposition of property of the Debtor's estate. Were these claims to succeed in State Court, it would necessarily implicate the distribution of the estate's assets and thereby prolong the administration of the Chapter 11 Case. Hamway has failed to carry its burden of proving that the *Hamway* Proceedings can be timely adjudicated in State Court. See WorldCom, 293 B.R. at 331 (explaining that a "naked assertion is inadequate to carry the point" on this element).

**B. Permissive Abstention (28 U.S.C. § 1134(c)(1)) and Equitable Remand (28 U.S.C. § 1452(b)) Are Also Inappropriate Here**

A court may exercise its discretion to: (1) abstain pursuant to 28 U.S.C. § 1334(c)(1) "in the interest of justice, or in the interest of comity with State courts or respect for State law"; or (2) remand an action to state court pursuant to 28 U.S.C. § 1452(b) "on any equitable ground." However, there is a "presumption against" permissive abstention, *Lothian Cassidy, LLC v. Lothian Expl. & Dev. II, L.P.,* 487 B.R. 158, 165 (S.D.N.Y. 2013) (emphasis added), because "Section 1334(c)(1) must be interpreted according to the principle that federal courts have a virtually unflagging obligation to exercise the jurisdiction given them, and may abstain only for a few extraordinary and narrow exceptions," *In re Residential Capital,* 515 B.R. 52, 67 (Bankr. S.D.N.Y. 2014) (citation, alterations, and internal quotations omitted); *see also Deutsche Oel,* 2020 WL 5814233 at *6-7. This presumption against permissive abstention is "particularly [applicable] where . . . the Bankruptcy Court has issued multiple rulings that touch upon Plaintiffs' . . . allegations." *Lothian*, 487 B.R. at 165. Moreover, federal courts are "less likely" to permissively

abstain where, as here, the claims "arise in" a bankruptcy proceeding. *Winstar*, 2007 WL 4323003, at *1; see supra § A. Hamway bears the burden of demonstrating that abstention and remand are warranted; thus, assertions without "any evidence" will not suffice. *CAMOFI Master LDC v. U.S. Coal Corp*., 527 B.R. 138 , 143-144, 148 (Bankr. S.D.N.Y. 2015); *see also Deutsche Oel & Gas S.A. v. Energy Capital Partners Mezzanine Opportunities Fund A, LP,* 2020 WL 5814233, at *12 (S.D.N.Y. Sept. 30, 2020); *In re Tronox*, 603 B.R. at 726; *In re Margulies*, 476 B.R. 393, 402 (Bankr. S.D.N.Y. 2012).

Hamway must prove that permissive abstention is warranted based on the following factors: (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the court's docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties. *Deutsche Oel,* 2020 WL 5814233, at *12 (citation omitted).

The factors for Hamway to prove regarding remand pursuant to Section 1452(b) are nearly identical: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state

law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the [involuntarily] removed defendants. *In re Adelphia Commc'ns Corp.,* 285 B.R. 127, 144 (Bankr. S.D.N.Y. 2002) (citation omitted). "Two additional factors often considered include the duplicative and uneconomical use of judicial resources and the lessened possibility of inconsistent results." *CAMOFI*, 527 B.R. at 143 (citation and internal quotations omitted).

1. The Effect Thereof On the Efficient Administration Of The Estate/Burden On The Court's Docket

The Chapter 11 Cases are still open, "which weighs against remand." *CAMOFI*, 527 B.R. at 149. And, as discussed supra § III.A.3, the State Court has allowed the Hamway Proceedings to linger idly for 15 months without adjudicating the issues. Neither rhe Debtor, nor his creditors, this Court, or any parties in interest should have to be subjected to any further delays by the State Court. All parties in the Chapter 11 Case are motivated for an expeditious resolution of these issues so that the Debtor's Chapter 11 Case does not unnecessarily linger. Consequently, this Court "may . . . be expected to adjudicate the matter more quickly," and "remanding [this] action[] to state court would simply complicate and slow down . . . the [Chapter 11 Cases] already pending before this Court." *Krys*, 658 F. App'x at 3 (citations and internal quotations omitted).

With respect to the burden on the Court's docket, ourts consider whether they have greater familiarity with the issue and expertise regarding the bankruptcy law issues involved. *See Lothian*, 487 B.R. at 165 n.8 This factor weighs against abstention and remand because it would be more efficient for this Court to retain jurisdiction given its expertise regarding bankruptcy law issues implicated by the Hamway Proceedings, especially in light of the prior delays in the State Court.

2. Comity, Predominance of State Court Issues, Difficulty of State Law

This Court has explained that "[c]omity focuses on the state's interest in developing its law and applying its law to its citizens." *CAMOFI*, 527 B.R. at 148-49 (citation omitted) (comity did not support remand because "the Court here need only resolve a typical commercial dispute between entities from outside New York" and the relevant New York law "is not unusually complex or unsettled"). Comity is not a "material factor" here because "[t]his matter involves no matters of New York public policy, and hardly involves the New York public interest." *In re Adelphia Commc'ns,* 285 B.R. at 146. Thus, "[t]here is little basis to invoke comity to the state court[] here, and every reason to invoke the federal jurisdiction," since the determination disposition of the Restrained Disability Benefits and property of the Debtor's estate is closely tied to the bankruptcy case.

3. Related State Court Proceedings

This factor weighs against abstention and remand because "there is no related proceeding presently pending in state court." *In re Abir*, 2010 WL 1169929, at *8 (E.D.N.Y. Mar. 22, 2010) (rejecting argument that the bankruptcy court should have permissively abstained from rendering a decision).

4. Degree of Relatedness To The Chapter 11 Case

As discussed above, "the Bankruptcy Court is the proper forum for resolving these disputes" because the Hamway Proceedings are inextricably intertwined with the Chapter 11 Case as they relate to property of the Debtor's estate, which is necessary for the administration of the Chapter 11 Case, thus the presumption against abstention is thus particularly compelling here.

5. Forum Shopping

Removal was proper and was not improper forum shopping because Hamway's claims are inextricably intertwined with the Chapter 11 Case and require interpretation of the automatic stay, as to which this Court retained exclusive jurisdiction.

* * *

Accordingly, Hamway has not met and cannot meet their burden of proving with evidence that this Court should abstain or remand

## CONCLUSION

For all of the reasons set forth herein, the Court should deny the Hamways' Motion.

Dated: Scarsdale, New York
September 9, 2026

**KIRBY AISNER & CURLEY LLP**

By: */s/ Julie Cvek Curley*
Julie Cvek Curley, Esq.
700 Post Road, Suite 237
Scarsdale, New York 10583
Telephone: (914) 401-9500
Email: jcurley@kacllp.com
*Attorneys for Debtor Isaac C. Sutton*